**FINAL DRAFT DATED 1.30.2009**

## LIQUIDATING TRUST AGREEMENT

THIS LIQUIDATING TRUST AGREEMENT (the "Liquidating Trust Agreement") is made this ___ day of _____ 2009, by and among Steven D. Molasky ("Debtor"), the debtor in his Chapter 11 bankruptcy, Case No. BK-S-08-14517-MKN commenced on May 3, 2008 in the United States Bankruptcy Court for the District of Nevada; The Official Committee of Unsecured Creditors appointed in Debtor's bankruptcy case; and _____Brian D. Shapiro (the "Trustee"), an individual, as trustee of the Liquidating Trust (as hereinafter defined).

## RECITALS

WHEREAS, on May 3, 2008, Debtor filed his voluntary petition under Chapter 11, Title 11 of the United States Code, in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court");

WHEREAS, on October 1, 2008, the Debtor filed his Plan (defined hereafter) and on _____'s Second Amended Plan of Reorganization (DE 618) as Modified, was confirmed by the Bankruptcy Court on March 9, 2009, and on _____, 2009, the Bankruptcy Court entered an Order confirming the Plan;

WHEREAS, the Plan provides for the liquidation of Debtor's remaining assets for the benefit of his creditors;

WHEREAS, the Plan provides for the creation of the Liquidating Trust (defined hereafter) to assist with implementation of the Plan;

WHEREAS, pursuant to the Plan, Trust Assets (defined hereafter) will be transferred and held by the Liquidating Trust wherein: (i) the Trust Assets will be held in trust and liquidated; (ii) the Litigation Claims (defined hereafter) may be resolved in an expeditious manner; and (iii) the proceeds from the foregoing will be distributed to the Beneficiaries (defined hereafter) of the Liquidating Trust in accordance with the terms of the Plan and this Liquidating Trust Agreement.

WHEREAS, the Plan provides for the retention of the Trustee to administer the Liquidating Trust to and for the benefit of the Beneficiaries;

WHEREAS, the Trustee has agreed to serve upon the terms and subject to the conditions set forth in the Plan and this Liquidating Trust Agreement; and

WHEREAS, this Liquidating Trust Agreement sets forth the powers, responsibilities and duties of the Trustee, and procedures through which the Liquidating Trust shall: (i) sell or otherwise liquidate the Trust Assets; (ii) resolve and liquidate the Contested Claims (defined herein) and the Litigation Claims; (iii) distribute the proceeds thereof to the Beneficiaries; and (iv) otherwise conduct affairs and operations of the Liquidating Trust.

NOW THEREFORE, in connection with and as provided in the Plan, and in consideration of the promises and mutual covenants, terms and conditions contained herein, the parties hereto agree as follows:

# ARTICLE I
# DEFINITIONS

1.1    Except as expressly provided or unless the context otherwise requires, a capitalized term not otherwise defined in the Liquidating Trust Agreement, but defined in the Plan, Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Plan, Bankruptcy Code or the Bankruptcy Rules, in that order of priority. Whenever the context requires, such terms shall include the plural as well as the singular, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.  The following terms shall have the meanings specified below:

1.1.1    Accounts.  Such bank, investment or other accounts as Trustee may, in the course of the administration of the Liquidating Trust, from time to time open and maintain in accordance with the Plan and/or the Bankruptcy Court order confirming the Plan.

1.1.2    Administrative Claim.  A Claim for any cost or expense of administration of the Chapter 11 Case allowed under Sections 503(b), 507(b) or 546(c)(2) of the Bankruptcy Code and entitled to priority under Section 507(a)(2) of the Bankruptcy Code, including, but not limited to:  (i) fees payable pursuant to Section 1930 of Title 28 of the United States Code; (ii) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; and (iii) all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances.  To the extent that a Claim is allowed as an Administrative Claim pursuant to Section 365(d)(3) of the Bankruptcy Code, such Claim shall also be deemed an "Administrative Claim" under this paragraph.

1.1.3    Administrative Claim Bar Date.  The end of the first Business Day occurring on or after the forty-fifth (45th) day after the Effective Date.

1.1.4    Advisory Committee.  A committee organized on the Effective Date comprised of the members of the Committee to consult with the Trustee, from time to time, with regard to the administration of the Liquidating Trust, carrying out the Trustee's duties under the Liquidating Trust, and other matters that the Trustee deems appropriate.

1.1.5    Advisory Committee Representative.  The representative of the Advisory Committee designated to provide and receive communications on behalf of the Advisory Committee.

1.1.6    Allowed Administrative Claim:  (i) as to which no objection has been filed or, if an objection has been filed, has been resolved by the allowance of such Administrative Claim by a Final Order of the Bankruptcy Court; or (ii) which requires payment in the ordinary course and as to which there is no Final Order of the Bankruptcy Court in effect which prohibits any such payment.

1.1.7    Allowed Claim.  Any Claim, or any portion thereof, against Debtor (except for an Administrative Claim): (i) proof of which, requests for payment of which, or application for allowance of which, was filed or deemed

to be filed on or before the Bar Date for filing Proofs of Claim or requests for payment for Claims of such type against Debtor; or (ii) if no Proof of Claim is filed, which has been or hereafter is listed by Debtor in the Schedules as liquidated in amount and not disputed or contingent; and, in either case, the portion of such Claim as to which either, (x) no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, or (y) the Bankruptcy Court has entered a Final Order allowing such portion of such Claim. The term "Allowed" when used to modify a reference in this Plan to any Claim or Class of Claims, shall mean a Claim (or any Claim in any such Class) that is so allowed, e.g. "Allowed Secured Claim" is a Secured Claim.

1.1.8          Allowed General Unsecured Claim.  An Allowed Claim that is not secured by a charge against or interest in property in which the Estate has an interest and is not an Administrative Claim or Priority Unsecured Claim.  Allowed General Unsecured Claims shall include all Claims arising under Section 502(g) of the Bankruptcy Code.

1.1.9          Allowed Unsecured Claims Under $28,000.  An Allowed General Unsecured Claim in an amount less than $28,000.00.

1.1.9          1.1.10 Assets.  All assets, real and personal, tangible and intangible, wherever situated, of Debtor the Estate (as defined herein), as they exist on the Effective Date.  All Assets are property of the Estate pursuant to Section 541 of the Bankruptcy Code.

1.1.10          1.1.11 Avoidance Claims.  All claims belonging to or held by Debtor and the Estate, including, but not limited to, those set forth in Sections 510, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553(b) of the Bankruptcy Code and applicable non-bankruptcy law, along with any and all associated and related rights, remedies, defenses, set offs, recoupment rights, interests, suits, actions and proceedings belonging to or held by Debtor and the Estate.

1.1.11          1.1.12 Bankruptcy Code.  The Bankruptcy Reform Act of 1978, Title 11, United States Code, as applicable to the Chapter 11 Cases, as now in effect or hereafter amended, 11 U.S.C. §§ 101 et seq.

1.1.12          1.1.13 Bankruptcy Court.  The term has such meaning described in the introductory paragraph and any court having jurisdiction over any appeals.

1.1.13          1.1.14 Bankruptcy Rules.  The Federal Rules of Bankruptcy Procedure, as promulgated by the Supreme Court that became effective on August 1, 1991, as amended.  To the extent applicable, Bankruptcy Rules also includes the Local Rules of the U.S. District Court for the District of Nevada, as amended and the Local Bankruptcy Rules for the District of Nevada, as amended.

1.1.14          1.1.15 Beneficial Interests.  The interests of the Beneficiaries held in this Liquidating Trust.

1.1.15          1.1.16 Beneficiaries.  The holders of Allowed Claims that are not satisfied on the date of the Debtor's Payments Under the Plan by: (i)

payment; or (ii) the abandonment or surrender of the Asset upon which the Secured Creditor holds a Lien.

1.1.16    ~~1.1.17~~ Business Day. Any day, other than a Saturday, Sunday or "Legal Holiday," as that term is defined in Rule 9006(a), Bankruptcy Rules.

1.1.17    ~~1.1.18~~ Case. The Chapter 11 bankruptcy case styled In re Steven D. Molasky, Case No. 08-14517-MKN, commenced on May 3, 2008 in the United States Bankruptcy Court for the District of Nevada.

1.1.18    ~~1.1.19~~ Cash. Currency, checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks, money orders, negotiable instruments, and wire transfers of immediately available funds in the form of United States Dollars.

1.1.19    ~~1.1.20~~ Claim. Any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, contested, disputed, undisputed, legal, equitable, secured or unsecured, or any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.1.20    ~~1.1.21~~ Class. A class of holders of Claims described in the Plan.

1.1.21    ~~1.1.22~~ Committee. The Official Committee of Unsecured Creditors established by the Office of the United States Trustee pursuant to Section 1102 of the Bankruptcy Code on or about May 20, 2008, Docket No. 23 in the Case.

1.1.22    ~~1.1.23~~ Confirmation Date. The date upon which the Bankruptcy Court enters the Confirmation Order.

1.1.23    ~~1.1.24~~ Confirmation Order. The order entered by the Bankruptcy Court confirming this Plan.

1.1.24    ~~1.1.25~~ Contested Claim. A Claim, which is: (i) subject to timely objection interposed by any party entitled to file and prosecute such objection, if at such time such objection remains unresolved; (ii) a Claim that is listed by Debtor as disputed, unliquidated or contingent in the Schedules; or (iii) if no objection has been timely filed, a Claim which has been asserted in a timely filed Proof of Claim in an amount greater than or in a Class different than that listed by Debtor in the Schedules as liquidated in amount and not disputed or contingent. The term "Contested", when used to modify a reference in this Plan to any Claim or Class of Claims shall mean a Claim (or any Claim in such Class) that is a Contested Claim, as defined herein. In the event there is a dispute as to classification or priority of a Claim, it shall be considered a Contested Claim in its entirety. Until such time as a Contingent Claim becomes fixed and absolute, such Claim shall be treated as a Contested Claim and not an Allowed Claim for purposes related to allocations and Distributions under this Plan.

1.1.25 ~~1.1.26~~ Contingent Claim.  Any Claim for which a Proof of Claim has been filed with the Bankruptcy Court:  (i) which was not filed in a sum certain, or which has not accrued and is dependent on a future event that has not occurred and may never occur; and (ii) which has not been Allowed on or before the Confirmation Date.

1.1.26 ~~1.1.27~~ Creditor.  Any holder of a Claim against Debtor.

1.1.27 ~~1.1.28~~ Cure.  The ~~distribution~~payment on the Effective Date ~~or as soon thereafter as practicable of Cash, or~~of Cash from Debtor's Payments Under the Plan or delivery of such other property as may be agreed upon by the parties or ordered by the Bankruptcy ~~Court~~Code, with respect to ~~the assumption of an executory contract or unexpired lease, pursuant to Section 365(b) of the Bankruptcy Code,~~any Debt Instrument in an amount equal to: (i) all unpaid monetary obligations~~, due under such executory contract or unexpired lease~~ due, if such obligation has matured, or required to pay or bring current the Debt Instrument and thereby reinstate the debt and return to the pre-default conditions, to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law; and (ii) with respect to any Debt Instrument, if a Claim arises from Debtor's failure to perform any obligation as set forth in Bankruptcy Code Sections 1124(2)(C) and (D) of the Bankruptcy Code, payment of the dollar amount which compensates the holder of such a Claim for any actual pecuniary loss incurred by such holder as a result of any such failure, in the dollar amount of the Claim.

1.1.28 ~~1.1.29~~ Debt Instrument.  A promissory note, other transferable instrument or other document evidencing any payment obligation.

1.1.29 ~~1.1.30~~ Debtor and Debtor in Possession.  Steven D. Molasky.

1.1.30 ~~1.1.31~~ Debtor's Payments Under ~~the Plan.  Debtor's: (i) sale of Estate Assets on or before the Effective Date; (ii) satisfaction of Allowed Secured Claims at the time of the closing of each sale of Assets upon which a Secured Creditor holds a Lien on or before the Effective Date; (iii) payment of Cash to satisfy Allowed Unsecured Claims Under $28,000 on the Effective Date; (iv) satisfaction of Allowed Secured Claims by the surrender or abandonment of Assets upon which a Secured Creditor holds a Lien in satisfaction of such Secured Claim on or before the Effective Date; and (v) payment and conveyance of Trust Assets to the Liquidating Trust on the Effective Date.~~this Plan.  The transfer and contribution, on and as of the Effective Date, of: (i) all Assets, which remain property of the Estate on the Effective Date, except the Molasky Family Assets and the Exempt Property; (ii) Cash paid in accordance with the Molasky Family Agreement and any other consideration provided to the holders of Allowed Secured Claims on the Effective Date; and (iii) to the extent that the Estate has received any cash for the Homestead Exemption and there has been a corresponding reduction in the $1,430,000 purchase price under the Molasky Family Agreement, any cash received for the Homestead Exemption.

1.1.31 ~~1.1.32~~ Deficiency Claim.  The unsecured portion of a Secured Claim as determined by Section 506(a) of the Bankruptcy Code.

~~101745-001/660581_2.doc~~
~~54615.1~~
57605.1

1.1.32        Deficiency Claim Bar Date.  The last date upon which to file a Claim for a Deficiency Claim, which is no later than thirty (30) days after the Effective Date.

1.1.33        Distribution.  Any Interim Distributions and the Final Distribution.

1.1.34        Distribution Date.  The date on which a Distribution is made.

1.1.35        Estate.  The estate of Debtor in the Case created pursuant to Sections 541 and 1115 of the Bankruptcy Code.

1.1.36        Exempt Property.  Debtor's Assets that are exempt pursuant to Nevada law which are identified on Schedule "C" of the Schedules, as amended, including Debtor's Homestead Exemption, except to the extent the Bankruptcy Court has sustained by order an objection to a claim of exemption.

1.1.37        Expense Reserve.  The reserve created and maintained pursuant to the Liquidating Trust Agreement, including, without limitation, any accumulated interest earned thereon.

1.1.38        Final Decree.  The Final Order entered by the Bankruptcy Court, which results in the closing of the case under Section 350(a) of the Bankruptcy Code.

1.1.39        Final Distribution.  The last and final Distribution of Trust Assets or the proceeds of Trust Assets to the Beneficiaries, which occurs after the sale or other liquidation of all Trust Assets and upon full resolution of all Litigation Claims and Contested Claims and after which no Trust Assets remain, except as may be retained to fulfill duties or obligations under the Liquidating Trust Agreement and to perform such other acts as may be required by law or as set forth in the Plan.

1.1.40        Final Order.  An order, judgment or other decree of the Bankruptcy Court which has been appealed but which has not been vacated, reversed, modified, amended or stayed, or for which the time to appeal such order, judgment or other decree has expired with no appeal having been filed.

1.1.41        Heizer Art.  The sculpture and twelve (12) art pieces held by Artist Heizer at Garden Valley, Nevada.

1.1.42        Homestead Exemption.  Debtor's Nevada state law exemption provided for under NRS 21.090(1)(m) in an amount not to exceed $550,000, asserted against the real property commonly known as One Hughes Center Drive, Unit 1404, Las Vegas, Nevada.

1.1.43        Indemnified Parties.  The Trustee, any of his employees, agents, and Professionals, and any Professionals or independent contractors of the Liquidating Trust entitled to indemnification by and reimbursement from the Liquidating Trust as set forth in the Liquidating Trust Agreement.

1.1.44          Initial Distribution.  The first Interim Distribution of Trust Assets or the proceeds of Trust Assets to the Beneficiaries.

1.1.45          Injunction.  The injunction established by Section 7.6 of the Plan.

1.1.46          Interim Distribution.  Any distribution of Trust Assets or the proceeds from the Trust Assets to the Beneficiaries, other than the Final Distribution.

1.1.47          Lien.  This term shall have the meaning set forth in Section 101(37) of the Bankruptcy Code.

1.1.48          Liquidating Trust.  The trust created on the Effective Date pursuant to the Plan and governed by the Liquidating Trust Agreement.

1.1.49          Liquidating Trust Expenses.  The authorized, reasonable and necessary expenses ~~association~~associated with administering and carrying out the duties and functions of the Liquidating Trust.

1.1.50          Litigation Claims.  Trust Assets which consist of claims, rights and entitlements of Debtor or the Estate against third parties, whether or not the subject of a formal pending legal action, including, without limitation, ~~the Avoidance Claims~~all claims belonging to or held by Debtor and the Estate set forth in Sections 510, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553(b) of the Bankruptcy Code and applicable non-bankruptcy law, along with any and all associated and related rights, remedies, defenses, set offs, recoupment rights, interests, suits, actions and proceedings belonging to or held by Debtor and the Estate.

1.1.51          Notice of Effective Date.  The notice filed with the Bankruptcy Court by Debtor, which establishes the Effective Date.

1.1.52          Petition Date.  May 3, 2008, the date Debtor's Case commenced.

1.1.53          Plan.  Debtor's Plan of Reorganization and any amendments thereto as approved by the Bankruptcy Court, Confirmation Order and any supplemental orders approving any amendments or modifications to the Plan.

1.1.54          Priority Tax Claim.  Any Priority Claim that is entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

1.1.55          Priority Unsecured Claim.  Any Claim against Debtor entitled to priority in payment under Sections 507(a)(4) through (10) of the Bankruptcy Code.

1.1.56          Professional Fees.  The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 330, 331 or 503(b) of the Bankruptcy Code of persons:  (i) employed pursuant to an order of the Bankruptcy Court under Sections 327 or 1103 of the Bankruptcy Code; or (ii) for whom compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Section 503(b) of the Bankruptcy Code or by other Final Order.

1.1.57                    1.1.56 Professionals.  Those persons:  (i) employed in accordance with an order of the Bankruptcy Court under Sections 327 or 1103 of the Bankruptcy Code and to be compensated for services under Sections 327, 328, 329, 330, and 331 of the Bankruptcy Code, (ii) for which compensation and reimbursement has been Allowed by the Bankruptcy Court under Section 503(b) of the Bankruptcy Code; or (iii) engaged by the Trustee after the Effective Date.

1.1.58                    1.1.57 Professional Fees.  The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 330, 331 or 503(b) of the Bankruptcy Code of persons:  (i) employed pursuant to an order of the Bankruptcy Court under Sections 327 or 1103 of the Bankruptcy Code; or (ii) for whom compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Section 503(b) of the Bankruptcy Code or by other Final Order.

1.1.59                    1.1.58 Proof of Claim.  A proof of claim, as defined in Rule 3001(a), Bankruptcy Rules.

1.1.60                    1.1.59 Record Date.   The fifteenth Business Day preceding each Distribution Date.

1.1.61                    1.1.60 Rejection Claim Bar Date.  The last date upon which to file a Claim for the rejection of an executory contract or unexpired lease, which is no later than thirty (30) days after the Effective Date.

1.1.62                    1.1.61 Sale Order.   An order entered by the Bankruptcy Court, prior to the Effective Date, approving a sale of any Asset from the Estate or Trust Assets, which shall be subject to and in accordance with Section 363 of the Bankruptcy Code

1.1.63                    1.1.62 Schedules.   The schedules of assets and liabilities, and the Statement of Financial Affairs filed by Debtor under Section 521 of the Bankruptcy Code and Rule 1007, Bankruptcy Rules, as such schedules and statements have been, or may be, supplemented or amended.

1.1.64                    1.1.63 Secured Claim.  A Claim that is secured by a Lien against property of the Estate, as determined pursuant to Section 506(a) of the Bankruptcy Code, to the extent of the lesser of:  (i) the value of any interest in such property of the Estate securing such Claim; or (ii)  the amount of such Claim, subject to setoff in accordance with Section 553 of the Bankruptcy Code.

1.1.65                    1.1.64 Trust Assets.   All Assets, which remain property of the Estate on the Effective Date, that are conveyed and transferred to the Liquidating Trust as part of Debtor's Payments Under this Plan.  Based upon Debtor's Payments Under the this Plan, there is no additional property of the Estate as defined by Section 1115 of the Bankruptcy Code after the Effective Date.

1.1.66                    1.1.65 Trustee.  This term means the person named as such in the introductory paragraph of this Trust Agreement, as Trustee (when acting in such capacity), or any successor thereto appointed as provided herein and approved by the Bankruptcy Court.

1.1.67                    1.1.66 Trustee's Compensation.  The compensation to be paid to the Trustee for serving as the trustee of the Liquidating Trust.

1.1.68        ~~1.1.67~~ Unsecured Claim.  A Claim that is not a Secured Claim, and is not an Administrative Claim or a Priority Claim.

1.2     Computation of Time.  In computing any period of time prescribed or allowed by the Plan, unless otherwise expressly provided, Rule 9006(a), Bankruptcy Rules, shall apply.

1.3     Rules of Interpretation.  For purposes of this Liquidating Trust Agreement:  (i) any reference to a contract, instrument, release, or other agreement or documents being in particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (ii) any reference to an existing document or exhibit means such document or exhibit as it may have been or may be amended, modified, or supplemented; (iii) unless otherwise specified, all references to Sections, Articles, Schedules and Exhibits are references to Sections, Articles, Schedules and Exhibits of or to this Liquidating Trust Agreement; (iv) the words "herein," "hereof," "hereto," and "hereunder" refer to this Liquidating Trust Agreement in its entirety rather than to a particular portion of this Liquidating Trust Agreement; (v) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Liquidating Trust Agreement; and (vi) the rules of construction and definitions set forth in Sections 101 and 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply unless otherwise expressly provided.

## ARTICLE II
## NATURE AND ORGANZIATION OF LIQUIDATING TRUST

2.1     Name of Liquidating Trust.  The name of the Liquidating Trust shall be the "SDM Liquidating Trust."

2.2     Irrevocability of the Liquidating Trust.  The Liquidating Trust is irrevocable, except as expressly provided in this Liquidating Trust Agreement or the Plan, and shall not be altered, modified or amended, except by express written agreement by the parties hereto and subject to any Bankruptcy Court approval and submission of any modification to the Plan that may be necessary.

2.3     Declaration of Liquidating Trust.  Pursuant to the Plan, on the Effective Date, the Liquidating Trust shall be created and structured pursuant to this Liquidating Trust Agreement for the purposes set forth in the Plan and in this Liquidating Trust Agreement.  On and as of the Effective Date, the Trustee shall have all the rights, powers and duties set forth herein and pursuant to applicable law for accomplishing the purposes of the Liquidating Trust.  The Liquidating Trust shall be conducted subject to Bankruptcy Court oversight as set forth in the Plan and as may be requested by the Trustee, in his sole discretion.

2.4     Transfer of Trust Assets to the Liquidating Trust; Nature of Liquidating Trust.  Subject to the following limitations, on the Effective Date, without further action or order of the Bankruptcy Court, the Estate shall cause to be transferred the Trust Assets to the Liquidating Trust, and the Trust Assets shall absolutely and irrevocably vest in the

Liquidating Trust free and clear of any and all Claims, Liens and interests, except as otherwise provided for and preserved in the Plan. The transfer of the Trust Assets shall include all federal tax refund claims by the Debtor which have been made (a refund claim in the approximate amount of $~~750,000~~769,157 is pending relating to 2006 and a refund claim for approximately $~~2,500,000~~2,579,312 is anticipated to be made relating to ~~2007~~2005), and all subsequent refund claims which either the Debtor or the Estate may make for refunds of federal income taxes for taxable years ending on or before the Effective Date, including those made in conjunction with the Debtor's loss carry forward in the approximate amount of $2.5 million. Inasmuch as the Liquidating Trust is established by the Estate, and the Trust Assets remain Estate Property as provided in Section 2.8 below, the Liquidating Trust shall be a trust whose income and losses are attributable to the Estate, and whose taxable income is taxed to the Estate as the "grantor," as provided in Section 671 through Section 679 of the Internal Revenue Code. Upon the termination of the Estate for federal income tax purposes the Debtor shall be deemed to be the "grantor" for these purposes pursuant to the provisions of Section 1398(i) if the Liquidating Trust continues in existence following the "termination" of the Estate for federal income tax purposes. Trust Assets shall not include the Exempt Property and the Miscellaneous Personal Assets, or property described in Section 1115 of the Bankruptcy Code, which are irrevocably vested in Debtor, free from any interest of Estate or Liquidating Trust.

2.5    Tax Liabilities; Application of Trust Assets, etc. The Trustee shall either cause to be paid, or shall cause to be promptly distributed to the Estate, such that the Estate (or the Debtor as the successor to the Estate upon its termination for federal income tax purpose) can timely pay, (A) all amounts representing Allowed Priority Tax Claims, if any, (B) all amounts, if any, representing the federal income tax (including interest, additions to tax and penalties, if applicable) on taxable income or gain arising for federal income tax purposes during the administration of the Estate and its existence for federal income tax purpose and (C) all amounts, if any, representing the federal income tax (including interest, additions to tax and penalties, if applicable) on taxable income or gain arising for federal income tax purposes after the termination of the Estate for federal income tax purposes by reason of, and solely by reason of, the sale, exchange, abandonment or other disposition of the Trust Assets and the cancellation of any indebtedness related to any such sale, exchange, abandonment or other disposition. The amounts described in clause (A), clause (B) and clause (C) of the prior sentence are hereinafter referred to as the "Tax Liabilities." Tax Liabilities may be paid by offsetting against such Tax Liabilities all or a portion of the amount of any refund claim. The Trustee shall maintain such reserves of the Trust Assets to ensure that sufficient Trust Assets are available to make timely payment of all Tax Liabilities, if any exist or arise as provided in this Section 2.5. In determining the amount of Tax Liabilities, if any, the Estate (and the Debtor as the successor to the Estate upon its termination for federal income tax purposes if applicable) (X) shall apply against any income or gain all available tax attributes of the Estate and of the Debtor, including, without limitation, net operating losses, passive losses and capital losses, which are transferred to the Estate under Section 1398 of the Internal Revenue Code or which arise during the administration of the Estate and the Liquidating Trust, (Y) shall apply all applicable rules of law under Section 108 of the Internal Revenue Code to exclude cancellation of

indebtedness income from being recognized as taxable income and (Z) shall apply such other applicable law as may be available to reduce or eliminate Tax Liabilities.

2.6    Appointment and Acceptance of Trustee.  The Trustee is hereby appointed as trustee of the Liquidating Trust effective as of the Effective Date, to have all the rights, powers and duties set forth in this Liquidating Trust Agreement, and the Trustee accepts the Trust Assets and agrees to hold and administer the Trust Assets for the benefit of the Beneficiaries subject to the terms and conditions of this Liquidating Trust Agreement and the Plan.  The Trustee shall be the representative of the Estate, as that term is used in Section 1123(b)(3)(B) of the Bankruptcy Code, and shall have the rights and powers provided for in the Bankruptcy Code in addition to any rights and powers granted in the Plan and Liquidating Trust Agreement.

2.7    No Additional Beneficiaries.  The Liquidating Trust shall be solely for the benefit of the Beneficiaries and no others.

2.8    Property in Liquidating Trust.  The Liquidating Trust shall hold legal title to all property at any time constituting the Trust Assets, and the Trustee hereby covenants that the Trustee shall hold such property in trust to be administered and disposed of for the benefit of the Beneficiaries, pursuant to the terms and provisions of this Liquidating Trust Agreement and the Plan.  The Trust Assets shall remain Estate Property and shall be administered in accordance with the Plan and this Liquidating Trust Agreement until such time as such Trust Assets are sold, exchanged, abandoned or otherwise disposed of, and subject to, without limitation, the stay imposed under Section 362(a) of the Bankruptcy Code and the Injunction established under the Plan.

2.9    Purpose of Trust.  Pursuant to the Liquidating Trust, the Trustee is to hold and preserve the Trust Assets for the purpose of liquidating and otherwise disposing of the same and to disburse proceeds from the Trust Assets to the Beneficiaries, as provided in the Plan.  There is no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the liquidation value of the Trust Assets, and consistent with the liquidating purpose of the Liquidating Trust.

2.10    No Personal Liability.  Persons dealing with the Trustee shall look solely to the Liquidating Trust or the Trust Assets for the enforcement of any claims against the Liquidating Trust or to satisfy any liability incurred by the Trustee to such persons in carrying out the terms of this Liquidating Trust, and neither the Trustee, nor any of the Trustee's employees, agents, professionals or independent contractors of the Trustee or the Liquidating Trust, shall have any personal liability or individual obligation to satisfy any such liability.

2.11    No Association, Partnership or Joint Venture.  This Liquidating Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The relationship of the Beneficiaries to the Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this

Trust Agreement.  The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Trustee or Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or participants in a joint venture.  Neither the Trustee nor any of the Beneficiaries shall be personally liable with respect to any liabilities or obligations of the Liquidating Trust or any liabilities or obligations relating to the Trust Assets, including, without limitation, those arising under this Liquidating Trust Agreement, and all persons dealing with the Liquidating Trust must look solely to the Liquidating Trust for the enforcement of any claims against the Liquidating Trust.

2.12    <u>Incorporation of Plan</u>.  The Plan is incorporated into this Liquidating Trust Agreement and made a part hereof by this reference.  In the event of any conflict between the terms of the Plan and this Liquidating Trust Agreement, the terms of the Plan will control and govern.

**ARTICLE III**
**ADMINISTRATION OF LIQUIDATING TRUST**

3.1    <u>Expense Reserve</u>.  On the Effective Date or as soon as practicable thereafter, the Trustee shall establish the Expense Reserve from the Trust Assets for the payment of the Liquidating Trust Expenses, which include:  (i) all fees and expenses incurred in connection with the performance of the Trustee's duties and obligations imposed under the Liquidating Trust Agreement and Plan; (ii) all costs and expenses, incurred in connection with the sale, transfer or other liquidation of any Trust Assets and any litigation, including actions involving the Litigation Claims, Avoidance Claims and Contested Claims; (iii) all applicable taxes, licensing fees and other charges imposed by governmental entities on the Liquidating Trust in connection with the activities of the Liquidating Trust, or for which the Liquidating Trust is obligated to pay under the Plan or the Liquidating Trust Agreement, including all those incurred in effectuating Distributions; (iv) the Trustee's Compensation; (v) all costs, expenses and/or reserves incurred or set aside in connection with fulfilling obligations and responsibilities to the Indemnified Parties, including the cost to secure appropriate insurance with respect to such obligations; (vi) all fees and expenses, incurred in connection with the winding up of the Liquidating Trust, the rendering of accountings and the storage and disposition of books, records and files pursuant to Liquidating Trust Agreement; and (vii) subject to the provisions for allowance and payment set forth in the Plan and the Liquidating Trust Agreement, the fees and reimbursable costs incurred with any Professionals retained by the Trustee to assist with any of the foregoing.  The funds set aside for the Expense Reserve shall not be part of and shall not be included in any Interim Distribution.

3.2    <u>Ongoing Funding of Expense Reserve</u>.  If at any time the Trustee, in his sole discretion, determines that the funds held in the Expense Reserve are or may become insufficient, the Trustee, in his sole discretion, may from time to time add funds to the Expense Reserve out of the Trust Assets in such amount or amounts as the Trustee, in his sole discretion, determines to be necessary or advisable to satisfy all current and

anticipated obligations of the Liquidating Trust. In no event shall the Trustee be required to use its personal funds or assets for such purposes.

3.3    Interim Distributions.

3.3.1    Distributions to the Beneficiaries shall be made in the manner, amount and ~~order~~priority as set forth in the Plan to those Beneficiaries existing as of the Record Date applicable to such Distribution. The Beneficiaries shall look solely to Trust Assets for any Distributions provided herein and in the Plan. Allowed Priority Claims and Allowed Administrative Claims shall be paid in full prior to the payment of any Allowed Unsecured Claim.

3.3.2    Allowed Priority Claims and AllowedAdministrative Claims which have not been paid on the Effective Date shall be paid from the Initial Distribution.

3.3.3    ~~III.3.2~~ The Trustee shall make the Initial Distribution and any subsequent Interim Distributions as soon as practicable, provided that: (i) adequate funding have been set aside in the Expense Reserve and as reserves for Contested Claim or other Claims that are not yet Allowed Claims, the holders of which ultimately might become Beneficiaries entitled to Distributions from the Liquidating Trust; (ii) the amount of the Distribution in its entirety or to individual Beneficiaries not de minimis; or (iii) such Distribution is otherwise not impractical when considering the time and cost involved in making such Distribution. The Trustee shall not unduly prolong the duration of the Trust and the Trustee shall not be permitted to receive or retain Cash or Cash equivalents in excess of a reasonable amount to fund the Expense Reserve and other needed reserves and may be necessary to preserve or enhance the liquidation value of the Trust Assets during the term of the Liquidating Trust.

3.4    Manner of Distributions/Undeliverable Distributions/Record Date.

3.4.1    All Distributions shall be made in the form of Cash, paid either by: (i) check mailed by first-class mail through the United States mail, with postage fully prepaid; or (ii) by wire transfer. Distributions are deemed made on the date of the mailing of the checks or the wiring of funds, which shall be the Distribution Date.

3.4.2    The address shown on a Proof of Claim filed by a Beneficiary or, if such Beneficiary has not filed a Proof of Claim, the address shown on the Schedules for such Beneficiary, shall be deemed to be the Beneficiary's address for purposes of Distributions, unless a change of address, executed under penalty of perjury, is filed with the Bankruptcy Court and served on the Trustee prior to the Record Date applicable to the particular Distribution. After the Record Date applicable to a particular Distribution, the Trustee shall have no obligation to recognize any change of address and shall make such

Distribution to the Beneficiary at the address designated as of the applicable Record Date.

3.4.3        Distributions returned by the United States Post Office or undelivered due to lack of a current address shall be retained by the Trustee for a period of six (6) months following their return. During the six (6) month period following any Distribution, a Beneficiary may retrieve any returned item upon presentation to the Trustee of satisfactory proof that such holder is entitled to such Distribution. The Trustee shall not be required to locate any Beneficiary where the address available is incorrect or inadequate.

3.4.4        After the expiration of six (6) months following the date an Interim Distribution is made, the funds relating to such Distribution and any subsequent Interim Distribution shall be held in reserve in the Liquidating Trust. If, prior to the Record Date of the Final Distribution, a Beneficiary establishes a right to the Distributions held, such Beneficiary, on the next Distribution Date for which the Record Date has not passed, shall receive the current Distribution to which such Beneficiary is entitled along with all prior Distributions that were returned or were held as provided herein. If no valid entitlement is established to any returned or held Distributions by the Record Date for the Final Distribution, any rights to such Distributions shall irrevocably terminate and the unclaimed funds shall be added to and included in the Final Distribution to eligible Beneficiaries. Upon termination of the right to Distributions as provided herein, such Beneficiary shall have no further recourse against Debtor, the Liquidating Trust or the Trustee with respect to such Distributions.

3.4.5        A Beneficiary may effect a transfer or assignment of a Claim or right as a Beneficiary by an assignment of such interest in writing, executed under penalty of perjury, filed with the Bankruptcy Court and served on the Trustee. After the Record Date applicable to a particular Distribution, the Trustee shall have no obligation to recognize any transfer of a Claim or right as a Beneficiary with respect to such Distribution, and shall make such Distribution to the Beneficiary at the address designated as of the applicable Record Date.

3.5    Reports.  In addition to any other or additional reports that the Trustee, in his sole discretion, deems advisable, beginning on a date that is no later than ninety (90) days after the Effective Date, and on the date that is no later than thirty (30) days after the end of each six (6) month period thereafter, the Trustee shall file with the Bankruptcy Court and serve upon Debtor and the Advisory Committee Representative, a written report and account showing:

3.5.1        A balance sheet reflecting the assets and liabilities as of the end of the reporting period;

3.5.2        A statement of income to and expenses of the Liquidating Trust;

3.5.3           The details regarding the sales of any Trust Assets, including the amount received, disposition of proceeds and report of efforts to market and maximize the proceeds of the sale thereof;

3.5.4           Any assets abandoned, foreclosed upon or otherwise lost to the Liquidating Trust, including the reasons for such loss or decision to abandon;

3.5.5           The status of efforts to resolve any remaining Litigation Claims, including Avoidance Claims, and Contested Claims, including the results of any final decisions or terms of any settlement agreements;

3.5.6           The amount of any Disbursements, including:  (i) the timing and amount of any anticipated or scheduled Disbursements.; (ii) the actual or anticipated amount of the Distribution to each Class under the Plan and each Beneficiary within such Class; and (iii)  a report of the total amount paid thus far to each Class and Beneficiary within;

3.5.7           An itemization of the funding to and payments from the Expense Reserve, including the reason for each payment;

3.5.8           The amount of Trustee's Compensation and Professional Fees paid, along with invoices, reports and other supporting information; and

3.5.9           A discussion of further efforts required of the Trustee that must be taken before a Final Decree may be entered, including:  (i) efforts and costs required to sell or otherwise dispose of remaining Trust Assets and to resolve remaining Litigation Claims and Contested Claims; (ii) an estimate of the ultimate recovery to be provided the Beneficiaries, and (iii) the date on which a Final Decree is anticipated to be entered.

3.6     Income Tax Filings and Information.

3.6.1           The Trustee shall timely file such income tax and other returns and statements as are required to comply with applicable provisions of the Internal Revenue Code and of any state law and the regulations promulgated thereunder.  Subject to and consistent with the set-off requirements set forth in the Plan, including, without limitation, any refunds of federal tax obligations, the Liquidating Trust shall be responsible for paying taxes, and any other obligations or liabilities, which are lawfully levied, assessed upon or become payable with respect to the Liquidating Trust or the Trust Assets, including any Allowed Priority Tax Claims.

3.6.2           As soon as practicable after the close of each year, the Trustee shall:  (i) file with the Bankruptcy Court and serve upon Debtor and the Advisory Committee Representative a statement showing the dates and amounts of all receipts and disbursements, including Distributions, made by the Trustee

and such other information; and (ii) serve on or make available to Debtor and the Advisory Committee Representative any backup documentation for each receipt and disbursement of the Trustee as is reasonably available to the Trustee, which may be relevant to the proper reporting of income.

3.7    Withholding of Taxes and Other Charges.    The Trustee may withhold from Distributions such sum or sums as may be necessary to pay any taxes or other charges which have been or may be imposed on, or are required to be withheld by, the Trustee under the Internal Revenue Code and of any state law and the regulations promulgated thereunder by reason of any Distribution provided for in this Liquidating Trust Agreement.

## ARTICLE IV
## DURATION AND TERMINATION OF TRUST

4.1    Duration.    The Liquidating Trust shall cause all Trust Assets to be sold or otherwise liquidated and all Contested Claims resolved and provide the Final Distribution by later of:  (i) the second anniversary of the Effective Date or (ii) such time as the Trustee has reasonably determined that there will be no additional Allowed Priority Tax Claims.  With the approval of the Bankruptcy Court, upon good cause shown, this time limit may be extended, provided that a Final Order closing the Case and a Final Decree are entered within five years from the Effective Date.

4.2    Continuance of Trust for Winding Up; Accounting.

4.2.1            For the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Trustee shall continue to act in such capacity until all applicable duties under the Plan and this Liquidating Trust Agreement have been fully performed.  The Trustee shall retain and preserve the books, records and files delivered to or created by the Trustee for a period of five years from the date of the Final Distribution.  All costs and expenses associated with the storage of such documents shall be paid by the Trustee from funds retained in the Expense Reserve.

4.2.2            Upon termination of the Liquidating Trust, the Trustee shall file an accounting with the Bankruptcy Court setting forth the amount it has collected and disbursed, and the fees and expenses incurred in administering the Liquidating Trust, including, without limitation, the fees and expenses incurred by the Trustee and the Trustee's Professionals, if any, and shall seek the issuance and entry of any orders necessary to approve such accounting and discharge the Trustee from any and all liability for acting as Trustee under the Plan and this Liquidating Trust Agreement.

## ARTICLE V
## POWERS OF AND LIMITATIONS ON THE TRUSTEE

5.1    Responsibilities of Trustee.    Pursuant to the Plan and this Liquidating Trust Agreement, the Trustee is authorized and directed to take all reasonable and

101745-001/660581_2.doc                    16
54615.1
57605.1

necessary actions to hold, conserve, protect and maximize the Trust Assets and to collect upon, sell, or otherwise liquidate or dispose of the Trust Assets, and to distribute Trust Assets to Beneficiaries, in as prompt, efficient and orderly a fashion as reasonably possible in accordance with the terms and provisions of the Plan and this Liquidating Trust Agreement. The Trustee shall use the same degree of care and skill in the exercise of the Trustee's powers and responsibilities as a prudent person would exercise or use under the circumstances in the conduct of its own affairs. The Trustee shall oversee the liquidation of the Trust Assets and shall use his best efforts to maximize the amount of the proceeds derived from the Trust Assets. The Trustee shall make continuing efforts to dispose of the Trust Assets in a cost-effective manner in a reasonable time, with due regard for the risk that undue haste may minimize the liquidation proceeds of a particular Trust Asset. In furtherance of the foregoing, the Trustee may liquidate the Trust Assets through any means permitted in the Plan and this Liquidating Trust Agreement, as the Trustee may determine in his reasonable discretion.

     5.2    <u>Specific Powers of Trustee</u>. In furtherance of the purposes of this Liquidating Trust and subject to the other provisions of the Liquidating Trust Agreement, the Plan or any Bankruptcy Court order and without limiting the Trustee's ability to act in such a manner as the Trustee in his discretion may deem necessary or appropriate to conserve, protect and maximize the Trust Assets or to confer upon the Beneficiaries the benefits intended to be conferred upon them by the Plan and this Liquidation Trust Agreement, the Trustee shall have the following specific powers, in addition to any powers conferred upon the Trustee by any other provision of this Liquidating Trust Agreement or in the Plan:

     5.2.1    Manage, protect and preserve the Trust Assets, subject to the terms and limitations set forth in this Plan and the Liquidating Trust Agreement, including, without limitation, obtain and maintain any necessary insurance coverage to protect the Trust Assets and relative to the proper performance of duties under this Plan;

     5.2.2    Release, sell, transfer convey or assign any right, title or interest in or about the Trust Assets or any portion thereof with the approval of the Bankruptcy Court after hearing on notice, unless the value of the Trust Asset has a value less than $50,000, in which case Bankruptcy Court approval is not required;

     5.2.3    Pay and discharge any costs, expenses, Professional Fees or obligations deemed necessary to preserve or enhance the value of the Trust Assets;

     5.2.4    Open and maintain bank accounts and deposit funds and draw checks and make disbursements in accordance with the Plan and the Liquidating Trust Agreement;

     5.2.5    Engage and retain attorneys, accountants, engineers, agents, tax specialists, financial advisors, appraisers, investment bankers, other

Professionals and clerical and stenographic to provide assistance as may, in the discretion of Trustee, be deemed necessary;

5.2.6        Execute any documents on behalf of the Liquidating Trust necessary to further the goals and objectives and accomplish the purposes of the Plan and Liquidating Trust Agreement;

5.2.7        Pay obligations or expenses of or relating to the Trust Assets and the Liquidating Trust that the Trustee reasonably deems to be in the best interest of the Beneficiaries or necessary to effectuate the Plan and the purposes of the Liquidating Trust;

5.2.8        Analyze, evaluate, and pursue any and all Litigation Claims, including Avoidance Claims, and other causes of action on behalf of the Liquidating Trust, objections to Claims, and any appeals thereof, and otherwise sue and be sued as is necessary to fulfill the obligations and duties under the Plan and the Liquidating Trust Agreement;

5.2.9        Enforce, waive or release rights, privileges or immunities relating to the Liquidating Trust or Trust Assets;

5.2.10        Settle and resolve any and all Litigation Claims, including Avoidance Claims and other causes of action on behalf of the Liquidating Trust, objections to Claims, and any appeals thereof such actions with the approval of the Bankruptcy Court after hearing on notice, unless the amount in controversy is less than $10,000, in which case Bankruptcy Court approval is not required;

5.2.11        Liquidate and convert all or any portion of the Trust Assets to Cash;

5.2.12        Establish and maintain the Expense Reserve and other reserves that may be required;

5.2.13        Make Distributions in accordance with the terms of the Plan and Liquidating Trust Agreement;

5.2.14        Act as is necessary with regard to all matters for which the jurisdiction of the Bankruptcy Court is reserved under the Plan;

5.2.15        As soon as is practicable after the Final Distribution, oversee the dissolution and winding up of the Liquidating Trust in accordance with applicable law and seek a Final Order from the Bankruptcy Court closing the Case and entry of a Final Decree; and

5.2.16        Without limiting any of the foregoing, deal with the Trust Assets or any part or parts thereof in all other ways as would be lawful and

do any and all things necessary to further the goals and objectives and accomplish the purposes of this Plan.

5.3    Additional Powers and Authority of Trustee.  In addition to powers and authority conferred on the Trustee in the Plan and this Liquidating Trust Agreement, the Trustee shall have and may exercise with respect the Liquidating Trust and the administration and distribution of the Trust Assets, all powers and authority afforded by the laws of the State of Nevada, provided that such additional powers and authority are exercised only and solely within the limitations and for the limited purposes set forth in the Plan and the Liquidating Trust Agreement.

5.4    Investment of Funds.  The Trustee shall invest any of the funds held in the Liquidating Trust, including, without limitation, any reserve or escrow funds established pursuant to the terms and provisions of this Liquidating Trust Agreement or the Plan, only in interest-bearing deposits or short-term repurchase obligations or certificates of deposit of federally insured banking institutions.  The Trustee shall be restricted to the holding and collection of the Trust Assets and the payment and distribution thereof for the purposes set forth in the Liquidating Trust Agreement and in the Plan and to the conservation, protection and maximization of the Liquidating Trust and to the administration thereof in accordance with the terms and provisions of this Liquidating Trust Agreement and the Plan.  The Trustee shall keep all Trust Assets segregated from and shall not commingle any Trust Assets with any assets of any other entity, including any of the Trustee's own assets.  The Expense Reserve and any other reserves established need not be in separate accounts.  The Trustee shall not be required to comply with Section 345 of the Bankruptcy Code.

5.5    Compromises and Settlements of Litigation Claims, Avoidance Claims Actions, and Other Claims and Causes Of Action.  Pursuant to Rule 9019(a), Bankruptcy Rules, the Trustee, on behalf of the Liquidating Trust, may compromise and settle claims or causes of action held by the Liquidating Trust and/or claims and causes of action that the Liquidating Trust may have against other persons or entities in accordance with the procedures set forth in the Liquidating Trust Agreement.  In accordance with the Liquidating Trust Agreement, matters where the amount in controversy equals or exceeds $10,000 shall require notice and approval by a Final Order entered by the Bankruptcy Court in accordance Rule 9019(a), Bankruptcy Rules.  The notice provisions set forth in the Liquidating Trust Agreement are deemed sufficient and adequate under Rules 9019(a) and 2002(a)(3), Bankruptcy Rules.

5.6    Sale of Assets.  The Trustee shall be permitted to sell Trust Assets in accordance with Sections 363 and 1123(a)(5)(D) of the Bankruptcy Code.  The Sale Order shall be obtained and notice provided in accordance with the terms of the Liquidating Trust Agreement.  After payment of any Allowed Secured Claims with respect to the asset(s) being sold, all of the remaining proceeds from sales, if any, will be held as Trust Assets to be distributed in accordance with the terms of the Liquidating Trust Agreement.  The Trustee may sell Trust Assets without approval of the Bankruptcy Court where the value of the Trust Assets subject to any transaction or a series of related transactions is less than $10,000.  The foregoing shall not preclude the Trustee from

seeking approval of the Bankruptcy Court for a sale where the value of the Trust Assets is less than $10,000 where a sale pursuant to Section 363(f) of the Bankruptcy Code or other relief from the Bankruptcy Court is necessary.

5.7     Notice of Settlements and Sale of Assets.  With respect to the sale of any Trust Asset, or settlement of any Litigation Claim or Contested Claim wherein approval of the Bankruptcy Court is required or, if not required, sought by the Trustee, the Trustee shall file with the Bankruptcy Court a written notice containing a detailed statement of the relief requested, along with the support therefore, and serve such written notice on Debtor and the Advisory Committee Representative.  Such notices shall be served not less than twenty (20) days prior to the proposed effectiveness of such settlement or sale. If no objection is received during such twenty (20) day period, the Bankruptcy Court may enter an order approving the relief without the need for a hearing.  If the Trustee determines that the terms of a particular matter must be kept confidential, he may obtain an order of the Bankruptcy Court permitting such documentation to be filed under seal. In such event, the Trustee shall serve a notice of the settlement or other relief (without a copy of the confidential materials or a description of their contents) upon Debtor and Advisory Committee Representative.  Nothing in this Section shall preclude the Trustee from requesting expedited approval of any request for relief in accordance with the procedures established in the Bankruptcy Code and Bankruptcy Rules.

5.8     Trustee's Authority and Discretionary Court Approval.  Except where expressly required in this Liquidating Trust Agreement and the Plan, the Trustee shall not be required to procure authorization from the Bankruptcy Court or any other court in the exercise of any power conferred upon the Trustee by this Liquidating Agreement. Without imposing any additional duties or obligations on the Trustee to obtain court approval, the Trustee shall have, in his sole discretion, the right to seek approval of the Bankruptcy Court or any other court or government or private agency having proper authority and jurisdiction for any action, where otherwise such approval would not be required.

5.9     Bond Requirement.  The Trustee shall not be required to furnish a bond to secure the performance of the Trustee's duties and obligations under the Plan or the Liquidating Trust Agreement.

5.10     Unknown Property and Liabilities.  The Trustee shall be responsible only for the Trust Assets disclosed and delivered to him, and shall have no duty to make, nor incur any liability for failing to make, any search for unknown property or for any liabilities.

5.11     No Implied Duties.  No additional duties or obligations imposed on the Trustee shall be implied under the Plan or Liquidating Trust Agreement that are not expressly set forth therein.

5.12     Limit on Trustee's Authority.  The Trustee shall not manage, control, use, sell, dispose, collect or otherwise deal with the Liquidating Trust or the Trust Assets or

otherwise take any action hereunder except as expressly provided in the Plan and the Liquidating Trust Agreement.

5.13    Duty to Preserve Trust Assets.  The Trustee shall promptly take such actions as may be necessary to duly discharge any liens or encumbrances on the Trust Assets, or any portion thereof, which result from claims against the Trustee not related to: (i) the ownership or administration of the Trust Assets, (ii) any other transaction pursuant to this Liquidating Trust Agreement, or (iii) any document included in the Trust Assets.

5.14    Limitations on Dealings with the Liquidating Trust in Non-Fiduciary Capacity.  Neither the Trustee nor any of his employees, agents, or Professionals, or any Professionals or independent contractors of the Liquidating Trust shall use or borrow Trust Assets for personal purposes.  Neither the Trustee nor any of his employees, agents, or Professionals, or any Professionals or independent contractors of the Liquidating Trust shall acquire Trust Assets, unless such acquisition is approved by the Bankruptcy Court on notice to Debtor and Advisory Committee Representative, with full disclosure of such relationship.  The Trustee shall not hold a controlling ownership interest in, or be a partner, an officer or a director of any of the Beneficiaries.  Without limiting any other disclosures that may be required, the Trustee and each of his employees, agents, or Professionals, and any Professionals or independent contractors of the Liquidating Trust shall disclose any interest in a Beneficiary to Debtor and the Advisory Committee Representative and file such disclosure with the Bankruptcy Court.

## ARTICLE VI
## INDEMNIFICATION; LIMITATION ON LIABILITY

6.1    Generally.  The Trustee accepts and undertakes to discharge the Liquidating Trust upon the terms and conditions of the Liquidating Trust Agreement and the Plan.  Neither the Trustee, nor any of the Trustee's officers, directors, employees, agents or Professionals, shall be liable to any Beneficiary or the Liquidating Trust or to any other third party other than for proven acts of gross negligence or willful misconduct in the exercise or performance of duties under this Liquidating Trust Agreement and the Plan, or in the case of the Trustee's employees, agents or Professionals proven acts of gross negligence or willful misconduct in the exercise or performance of their duties on behalf of the Trustee or the Liquidating Trust.  The Trustee may consult with and rely on the advice of legal counsel and such other experts, advisors, consultants, or other Professionals and shall be fully protected in respect of any action taken or suffered by the Trustee in good faith in accordance with such advice.

6.2    Transferee Liabilities.  If any liability shall be asserted against the Liquidating Trust or the Trustee as the transferee of the Trust Assets, on account of any claimed liability of or through Debtor or the Beneficiaries, the Trustee may use such part of the Trust Assets as may be necessary in contesting any such claimed liability and in payment, compromise, settlement and discharge thereof on terms reasonably satisfactory to the Trustee in its discretion.  In no event shall the Trustee be required to use the Trustee's own funds or assets for such purposes.

6.3    <u>Indemnification of Trustee and Others</u>.    The Trustee and other Indemnified Parties shall be indemnified by and receive reimbursement from the Liquidating Trust against and from any and all loss, liability or damage, including payment of attorneys' fees and other defense costs, which the Indemnified Parties may incur or sustain other than as a result of proven acts of gross negligence or willful misconduct in the exercise or performance of its duties under this Liquidating Trust Agreement and under the Plan.  The Trustee may reserve from Trust Assets a reasonable amount for purposes of funding any future indemnification liability and costs.  The Trustee may purchase with assets of the Liquidating Trust, such insurance as it reasonably believes, in the exercise of its judgment and discretion, adequately insures that the Indemnified Parties shall be indemnified against any such loss, liability or damage pursuant to this Section.  Expenses (including attorney's fees) and other costs of the Indemnified Parties' defense (unless resulting from the applicable Indemnified Party's gross negligence or willful misconduct) shall be paid by the Trustee.  The terms of this section shall continue to apply to any former Indemnified Party.

## ARTICLE VII
## COMPENSATION OF TRUSTEE

7.1    <u>Trustee Compensation</u>.  For the services provided by the Trustee pursuant to the Liquidating Trust Agreement and as set forth in the Plan, the Trustee shall receive twenty-five percent (25%) percent on the first $5,000 or less, ten percent (10%) on any amount in excess of $5,000 but not in excess of $50,000, five percent (5%) on any amount in excess of $50,000 but not in excess of $1,000,000, and three percent (3%) of such moneys in excess of $1,000,000, upon all Cash disbursed or turned over by the Trustee to the Beneficiaries.  The Trustee's Compensation shall not include the value of any Trust Asset surrendered to the holder of an Allowed Secured Claim which holds a Lien in such Trust Asset.  <u>In addition to Trustee Compensation, the Trustee shall be entitled to reimbursement of his costs incurred in conjunction with his services.</u>

## ARTICLE VIII
## TRUSTEE AND SUCCESSOR AND SUBSTITUTE TRUSTEES

8.1    <u>Service of Trustee</u>.

8.1.1            The Trustee shall serve for the duration of the Liquidating Trust subject to its, his or her earlier death, incapacity, resignation or removal.

8.1.2            If the Trustee at any time resigns or is removed, or dies or becomes incapable of action, or is a debtor under the Bankruptcy Code or is adjudged to be insolvent, a vacancy shall be deemed to exist and a successor Trustee shall be appointed pursuant to an order of the Bankruptcy Court as soon as practicable.

8.2    <u>Resignation and Removal of Trustee</u>.

8.2.1          The Trustee may resign at any time by giving written notice specifying the date when such resignation shall take effect to Debtor and all members of the Advisory Committee, if applicable, and filing such notice with the Bankruptcy Court.  The Trustee shall give notice of resignation not less than 30 days before such resignation is to take effect.

8.2.2          The Trustee may be removed from office by the Bankruptcy Court, for cause, upon:  (i) its own motion,; (ii) the motion of Debtor; or (iii) the motion of a majority in an amount and number of the Beneficiaries.

8.2.3          Unless the Bankruptcy Court sets a different date, such resignation shall become effective on the earlier of:  (i) the date on which the Bankruptcy Court appoints a successor Trustee; or (ii) the date the Trustee's notice states that the resignation is to take effect.

8.2.4          Unless the Bankruptcy Court orders otherwise, upon the effective date of such resignation, the Trustee shall be discharged from the performance of any further duties.

8.2.5          Unless the Bankruptcy Court orders otherwise, within fifteen (15) days of giving such notice of resignation, the Trustee shall file a formal accounting with the Bankruptcy Court and serve a copy upon Debtor and, if applicable, members of the Advisory Committee.  The predecessor Trustee also shall:  (i)  duly assign, transfer and deliver to such successor Trustee all Trust Assets held or administered hereunder; and (ii) when requested in writing by the successor Trustee, execute and deliver any necessary documents conveying and transferring to such successor Trustee all the rights, powers, properties and duties of such predecessor Trustee.

8.2.6          Unless the Bankruptcy Court orders otherwise, the Trustee shall be entitled to receive Trustee Compensation through the date the Trustee's resignation becomes effective.

8.3     Appointment of Successor Trustee.     A successor Trustee shall be appointed pursuant to an order of the Bankruptcy Court as soon as practicable thereafter upon motion of Debtor and/or of a majority in an amount and number of the Beneficiaries, on not less than ten (10) days' written notice to Debtor and the Beneficiaries, if not joining in the motion to appoint the successor Trustee.  If a suitable successor Trustee in not located by Debtor or a majority in an amount and number of the Beneficiaries within a reasonable time, the Bankruptcy Court may seek the assistance of the Office of the United States Trustee in the selection of a successor Trustee, subject to notice to Debtor and the Beneficiaries, with an opportunity to object.

8.4     Acceptance of Appointment by Successor Trustee. Upon the acceptance of office by any successor Trustee, which shall be evidenced by a written agreement executed by such successor Trustee, all rights, title, duties, powers and authority of the predecessor Trustee under the Plan and Liquidating Trust Agreement shall be vested in

and undertaken by the successor Trustee without any further act being required. No successor Trustee shall be liable personally for any act or omission of its, his or her predecessor.

## ARTICLE IX
## THE ADVISORY COMMITTEE

9.1     Advisory Committee.    An Advisory Committee, comprised of Beneficiaries, may be established to perform an advisory role to the Trustee in the administration of the Liquidating Trust. The Advisory Committee shall provide Debtor and the Trustee with the identity of and contact information for the Advisory Committee Representative, as well as any subsequent changes to the membership of the Advisory Committee.

9.2     Authority of the Advisory Committee. The Advisory Committee shall have no formal authority or power, but shall exist, if at all, solely to assist the Trustee, as the Trustee may determine in his sole discretion, on an advisory basis. The Trustee may, in his discretion, consult with the Advisory Committee in connection with the administration of the Liquidation Trust on matters including, but not limited to: (i) the arrangement of any sale, transfer or other disposition of Trust Assets, (ii) the investment of any proceeds of Trust Assets in investments permitted hereunder, (iii) the conduct and settlement of any disputes, including Litigation Claims and Contested Claims; and (iv) the making of any Distributions. All recommendations of the Advisory Committee shall be effective upon a majority vote of the members thereof. The foregoing shall not limit any right of a Beneficiary which may be a member of the Advisory Committee to take any permitted action in such individual capacity.

9.3     Reimbursement of Expenses of Advisory Committee. The individual members of the Advisory Committee shall serve without compensation and shall not be entitled to reimbursement from the Liquidating Trust of expenses incurred in connection with serving on the Advisory Committee. Subject to the following limitations, the Trustee, in his sole discretion, may elect to reimburse from Trust Assets held in the Liquidating Trust expenses incurred by members of the Advisory Committee in connection with such service on the Advisory Committee. The Advisory Committee is not prohibited from retaining its own counsel, along with other Professionals and consultants. The fees and expenses incurred by such Professionals so retained shall, under no circumstance, be reimbursed by the Liquidating Trust.

9.4     Prosecution of Claims Against Advisory Committee Members. Litigation Claims, including Avoidance Claims and other claims or causes of action may exist in favor of the Liquidating Trust against certain Advisory Committee members or affiliates thereof, including, without limitation, potential preference actions, fraudulent conveyance actions and improvement-in-position actions. The Trustee shall prosecute any and all claims and causes of action that may exist in favor of the Liquidating Trust, without regard to whether such claims or causes of action involve Advisory Committee members, or affiliates of such members.

9.5    <u>Advisory Committee Recusal</u>.  An Advisory Committee member shall be recused from any discussions or deliberations of the Trustee concerning any action which directly or indirectly relates to any claim or cause of action, including a claim objection, which may be considered or brought by the Trustee against such Advisory Committee member or affiliates of such member.  Advisory Committee members that are so recused shall not have access to any non-publicly available information that may be the subject of litigation concerning any such claim or cause of action described above.

**ARTICLE X**
**BENEFICIARIES**

10.1    <u>Rights of Beneficiaries</u>.

10.1.1        The Beneficial Interests shall not be represented by any certificates and shall be evidenced only by this Liquidating Trust Agreement and the underlying Allowed Claims upon which the entitlement to a Beneficial Interest is established.  Each Beneficiary shall take and hold its Beneficial Interest subject to all the terms and provisions of this Liquidating Trust Agreement and the Plan.

10.1.2        Beneficial Interests may not be transferred or assigned except as provided in this Liquidating Trust Agreement.

10.1.3        Beneficial Interests are, in all respects, personal property, and the Beneficiaries' sole right and entitlement in and to the Liquidating Trust and the Trust Assets shall be the contingent right to receive the Distributions, payable in accordance with the terms of the Plan and this Liquidating Trust Agreement.  The exclusive, complete and entire title to the Trust Assets shall be vested in the Liquidating Trust.  No Beneficiary, nor any successor or assign of a Beneficiary, including, without limitation, widower, widow, heir, devisee, bankruptcy trustee or receiver, shall have any title, right, statutory or otherwise to own, possess, manage, or control the Liquidating Trust or the Trust Assets.

**ARTICLE XI**
**AMENDMENTS**

11.1    <u>Amendments</u>.  Consistent with the terms of the Plan, the Trustee and Debtor may make and execute written amendments to this Liquidating Trust Agreement, subject to and conditioned upon approval of the Bankruptcy Court, upon twenty (20) days' written notice to the Advisory Committee Representative.

**ARTICLE XII**
**MISCELLANEOUS PROVISIONS**

12.1    <u>Filing and Inspection of Documents</u>.

12.1.1        This Liquidating Trust Agreement shall be filed or recorded in the office of the Secretary of State of the State of Nevada, or in such other office or offices as the Trustee may determine to be necessary or desirable. The Trustee shall file or record any amendment hereto in the same place or places where the original Liquidating Trust Agreement has been filed or recorded.  The Trustee shall file or record any instrument which relates to any change in the office of Trustee in the same place or places where the original Liquidating Trust Agreement has been filed or recorded.

12.1.2        A copy of this Liquidating Trust Agreement and all amendments thereto shall be maintained by the Trustee and shall be available at all times for inspection during regular business hours upon reasonable notice by any Beneficiary.

12.2    Laws as to Construction.  This Liquidating Trust Agreement shall be governed by and construed in accordance with the laws of the State of Nevada without regard to choice of law.

12.3    Jurisdiction.  The Bankruptcy Court shall retain jurisdiction to enforce this Liquidating Trust Agreement in order to effectuate the provisions of the Plan and to resolve any dispute that may arise among the parties or which may arise in connection with the administration of the Liquidating Trust.

12.4    Severability.  In the event any provision of this Liquidating Trust Agreement or its application to any person or circumstance shall be finally determined by a court of proper jurisdiction to be invalid or unenforceable to any extent, the remainder of this Liquidating Trust Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or enforceable, shall not be affected thereby, and each provision of this Liquidating Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

12.5    Notices.

12.5.1        All    notices,    requests,    consents    or    other communications required or permitted under the Plan or Liquidating Trust Agreement shall be in writing and shall be deemed to have been served and sufficiently given, for all purposes, if:  (i) hand delivered by messenger or courier service; or (ii) sent by registered, certified, express or first-class mail deposited, postage prepaid, in an official depository of the United States Postal Service.  The parties shall be free to establish by agreement, which shall be in writing, other acceptable means, including by facsimile and e-mail, for sending, receiving and exchanging notices, requests, consents or other communications.

12.5.2        Each notice, request, consent or other communication shall be deemed delivered:  (i) on the date delivered, if by personal delivery: (ii) on the date upon which the return receipt is signed or delivery is refused, as the

case may be, if mailed; or (iii) upon mailing, if sent by first-class mail or otherwise where no return receipt is provided.

12.5.3 The Beneficiaries and the Advisory Committee Representative shall be responsible for providing to the Trustee current, complete and accurate mailing and other contact information. The Trustee shall not be required to locate any Beneficiary or other party where the mailing or other contact information is incorrect or inadequate.

12.6 <u>Instructions from Bankruptcy Court</u>. The Trustee may, in his sole discretion, apply to the Bankruptcy Court for instructions or guidance in connection with any issue which may arise in the administration of this Liquidating Trust.

*[Signature page follows]*

101745-001/660581_2.doc
54615.1
57605.1

27

IN WITNESS WHEREOF, the parties hereto have executed this Liquidating Trust Agreement or caused this Liquidating Trust Agreement to be duly executed as of the day and year first written.

_____

Steven D. Molasky

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: _____
Name: _____
Title: _____

_____
Brian D. Shaprio, Trustee

Document comparison done by Workshare Professional on Friday, March 20, 2009 6:55:40 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://las/54615/1 |
| Document 2 | pcdocs://las/57605/1 |
| Rendering set | Fennemore Craig Std |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 36 |
| Deletions | 65 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 103 |